IRVING OSTRANDER, Respondent, *v.* WILHELMINA BUDD, Appellant.

Third Department, July 1, 1925.

Principal and agent — relationship — action against wife as alleged undisclosed principal to recover price of furniture sold to husband — general agency not shown by proof that husband acted as agent for wife in another transaction — verdict against wife contrary to evidence.

In an action against a wife as the alleged undisclosed principal of her husband, to recover the purchase price of furniture sold to the husband, the verdict against the wife is contrary to the evidence, since it appears that the furniture was purchased by the husband to be used in a hotel owned and conducted by him, and that the only evidence of agency was that the husband had acted as agent for the wife in reference to another piece of property which was owned by the wife, while on the other hand the wife testified without contradiction that the husband was not acting as agent for her when he purchased the furniture.

APPEAL by the defendant, Wilhelmina Budd, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 18th day of March, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*Van Etten & Cook* [*Andrew J. Cook* of counsel], for the appellant.

*William D. Cunningham,* for the respondent.

McCANN, J.:

This action was brought for the value and agreed price of certain furniture sold and delivered between May 16, 1921, and June 16, 1921, at Ellenville, Ulster county, N. Y., to the defendant as an

undisclosed principal acting through her agent and husband, William Budd. The original sale was made to William Budd. He later made a cash payment and gave his note for the balance. That note was protested. A part payment was made by Budd January 6, 1922, and a new note given by him for the sum of $200. This action was brought nearly two years later to recover against his wife, the defendant. The testimony presents a confused state of facts with reference to the ownership, occupancy and management of certain properties, owned or managed individually or jointly by William Budd and his wife. The original credit was given to William Budd. At the time the furniture was sold and delivered to him, he was the sole owner of and conducting a hotel known as " Budd Inn " on property known as the " Cunningham " property. The Budds were also the owners of another property " about one block further down in the village " known as the " DuBois property." On July 19, 1921, about one month subsequent to the purchase of such goods, he sold all of his interest in the Budd property to his wife who subsequently leased the same to George Fulton, who conducted it under the name of the " Fulton Inn." Some time thereafter the defendant remodelled and improved the DuBois property and opened up a new hotel which was also called " Budd Inn " and such was the name of the latter at the time of the trial. The situation, therefore, was that there was a " Budd Inn " on the Cunningham property which subsequently became known as the " Fulton Inn " under the ownership of George Fulton and then Mrs. Budd named the new hotel on the DuBois property as the " Budd Inn." The defendant's husband was in charge of the new " Budd Inn " thereafter and managed and conducted the operations connected therewith for and in behalf of the defendant. The only proof of liability of the defendant for the purchase of the furniture was the testimony offered on a former trial which shows the following: On November 23, 1922, the defendant was a witness in an action for the foreclosure of a real estate mortgage between herself and one Joseph Ludwig which mortgage affected the DuBois property and did not affect the former " Budd Inn " which was located on the Cunningham property, and to which place the merchandise which is the subject of this controversy was taken and used during the ownership of her husband. Testimony was given by William Wilklow at the trial to the effect that on said trial the defendant gave testimony that the property involved in such action was the DuBois property. The plaintiff offered in evidence Exhibit B, which purports to be an abstract of the testimony taken upon such foreclosure trial, and in such testimony it appears that Mrs. Budd swore that " in the negotiations which led up to this

transaction [she was] represented * * * by [her] husband William Budd." It is claimed by plaintiff that this proved that these transactions had reference to a general agency of the husband. Defendant swears that the testimony referred only to the DuBois property which was the subject-matter of the foreclosure action then on trial. In addition to such testimony she was also asked " if it was he who conducted the building operations there and made the improvements and did all the business at all times since you bought the property up to the present moment? A. Yes, sir. Q. He has been your general agent in the conducting of that property? A. Yes sir. Q. And everything relating to it? A. Yes sir."

It is clear that the above-quoted testimony refers to the property which was involved in the foreclosure action, which was the so-called DuBois property, and it was not the property owned by Mr. Budd at the time these goods were purchased for use in the first " Budd Inn."

The defendant testified that all of her testimony on that subject was with reference to the DuBois property. There is no evidence to contradict her. Her testimony as to the conduct of the other properties owned by her and the management by Mr. Budd is uncontradicted and shows that it relates only to such property. The defendant and her husband both swore that there was never any authority granted to the husband to purchase the said merchandise for and in behalf of Mrs. Budd. The testimony shows that the furniture is still at the first " Budd Inn." The plaintiff swore that in the summer of 1923, two years after its purchase, he saw some of the furniture on the porch of the new Budd Inn. If true, that has little weight as proof in this case. The only theory upon which the plaintiff's case can stand is that one month after Budd bought the furniture his wife was in possession of it. The testimony of defendant in the foreclosure does not establish any agency for the purchase of the furniture for the defendant; all of the transactions between plaintiff and Budd in the sale and payments prove the latter to have been the real debtor. The verdict is contrary to and against the weight of evidence.

The judgment should be reversed, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence.